Weygandt, C. J.
Several questions are presented, but it is necessary to discuss only one.
As a preliminary observation, it perhaps should be emphasized that this court is, of course, not permitted to concern itself with the question of policy involved in the proposed construction of a joint township district hospital. In other words, whether such a project is wise or unwise is a question which this court is without authority to decide. This is within the province of the district electors alone.
The question confronting this court is whether there has been a compliance with the mandatory provisions of the law.
Section 3414-1, General Code, reads as follows :
“The trustees of any two or more contiguous townships in any county may by a two-thirds favorable vote of each of said board of trustees, form themselves into a joint township district hospital board for the purpose of establishing, constructing and maintaining a joint township district general hospital, and *32 aforesaid contiguous townships wherein said two-thirds favorable votes shall have been taken, shall become and be a part of a joint township hospital district.
“Said joint township district hospital board shall organize within thirty days after the favorable vote shall have been taken by the last board of trustees joining themselves into said joint township district hospital board, and. the president of the board of township trustees of the most populous township participating shall give notice of the time and place of organization, to each of the members of the boards of trustees of each and every township comprising said joint township hospital district, which notice shall be signed by the president of the board of trustees of said most populous township comprising the hospital district, and be sent by registered mail to each and every member of the boards of trustees of the townships affected, at least five days prior to said organization meeting, and said meeting shall be held in one of the townships participating. All members of the boards of township trustees of all the townships so participating, shall comprise the joint district hospital board. For the purpose of this act two-thirds of all the duly elected township trustees of the townships constituting said joint township hospital district shall constitute a quorum for the transaction of any and all business. Said members of the respective boards of township trustees shall proceed at said organization meeting with the election of a president, secretary and treasurer, and such other officers as they deem proper and necessary, and shall transact such other business as may properly come before said board.”
Clearly this statute authorizes such action by and on behalf of an entire township.
But is such action authorized to be taken by or on *33 behalf of part of a township, as in the instance of Enssia township? It is agreed that this township includes the territory lying within the municipality of Oberlin. However, this part of the township was not included within the hospital district for the reason that a hospital already is located within the municipality. Hence, the people living in that part of the township lying within the municipality were not permitted to vote on the proposed bond issue.
Was this procedure permissible under the provisions of the foregoing statute?
The relator contends that there is no statutory prohibition against such action by and on behalf of part of a township. One difficulty with this view is that townships are creatures of the law and have only such authority as is conferred on them by law. Therefore, the question is not whether townships are prohibited from exercising such authority. Eather it is whether townships have such authority conferred on them by law.
It is the contention of the relator that part of a township may exercise any authority possessed by an entire township. In some instances the General Assembly has so provided. But a study of Section 3414-1, General Code, and cognate sections discloses no intimation of such an intention with reference to the formation of a joint township hospital district.
If this statute conferred such authority on municipalities, could it be contended logically that part of a municipality could act thereunder? Or if authority were conferred on counties, could it be said that merely part of a county could take such action? Or if the state were authorized to act, could it be urged seriously that some part of the state could exercise such authority? There is no apparent reason for applying a different rule to townships, and counsel for the *34 relator cites no authority to sustain his contention.
. Concedediy that part of the township territory lying within the municipality of Oberlin still is part of Russia township; and yet it was not included in the joint township hospital district and the people of that part of the township were not permitted to vote on the question whether bonds should be issued to pay for the construction of the proposed hospital. Clearly this was not a compliance with the mandatory provisions of the statute.
Under the circumstances the action attempting to create a joint township hospital district was invalid, and the respondent county auditor was justified in refusing to place a tax levy on the real estate tax list.
The requested writ of mandamus must be denied.

Writ denied.

Zimmerman, Stewart, Middleton, Taft, Matthias and Hart, JJ., concur.